UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIN CARTER | CIVIL ACTION |
| VERSUS | NO. 21-1303 |
| ST. TAMMANY PARISH SCHOOL BOARD, *et al.* | SECTION M (1) |

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants the St. Tammany Parish School Board (the "School Board"), William "Trey" Folse, III, Peter "Pete" Jabbia, Michael Cossé, Regina Sanford, Aimee Lemane, and Amy T. Burns (collectively, the "School Board Defendants").[1] Plaintiff Erin Carter responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the School Board Defendants' motion because the doctrine of res judicata precludes Carter's claims.

**I.  BACKGROUND**

This case concerns the alleged discrimination Carter is said to have faced at Pitcher Junior High ("Pitcher") during her tenure there from 2015-2017, including, but not limited to, Pitcher's denial of her requests for extended sick leave.[3] Carter alleges that on April 24, 2017, she became extremely ill due to debilitating migraines and, therefore, was unable to continue working.[4] She requested extended sick leave through the end of the school year, which Jabbia, the associate

---

[1] R. Doc. 22.
[2] R. Doc. 29.
[3] R. Doc. 29-1 at 7.  Extended sick leave is paid leave under Louisiana law.  La. R.S. 17:1202.
[4] R. Doc. 29-1 at 8.

superintendent, denied.[5] Carter was, however, eligible for unpaid medical leave and was instructed to complete and return an application for such leave if she were unable to return to school.[6] Carter did not complete the application, nor did she return to school for the rest of the year.[7]

On June 13, 2017, Burns, Pitcher's principal, conducted an administrative hearing concerning Carter's unauthorized leave of absence; her "mishandling" of a non-sanctioned school fundraiser; and her failure to comply with the school's gradebook standards.[8] Carter did not show up for the hearing.[9] As a result, Burns recommended to Folse, the superintendent, that Carter be terminated and that a second administrative hearing be conducted to investigate and review Carter's status as an employee of the School Board.[10] At the second administrative hearing, which occurred on June 26, 2017, Cossé, the assistant superintendent, recommended that Carter be terminated due to her "willful neglect of duty through unauthorized leave and poor performance."[11] The School Board accepted the recommendation and terminated Carter on July 5, 2017.[12]

On December 4, 2017, Carter filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging (1) discrimination based on race and disability; and (2) retaliation.[13] The EEOC issued a dismissal and notice of rights on May 23, 2019.[14] In the meantime, on April 23, 2019, Carter filed suit in the United States District Court for the Eastern District of Louisiana ("*Carter I*"), which was docketed as civil action no. 19-9651 and assigned to this section of Court. *Carter I*, like the instant action ("*Carter II*"), concerned the alleged

---

[5] *Id.*
[6] R. Doc. 22-1 at 2.
[7] *Id.*
[8] *Id.* at 3.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.* In the notice, the EEOC noted its determination that "[b]ased upon its investigation, [it was] unable to conclude that the information obtained establishes violations of the statutes." R. Doc. 22-3 at 1.

discrimination during Carter's tenure at Pitcher, including the School Board's denial of Carter's sick leave requests due to her migraines. *Compare* R. Doc. 22-4 (*Carter I* complaint), *with* R. Doc.1 (*Carter II* complaint). On March 29, 2021, this Court granted summary judgment for the School Board Defendants in *Carter I*, dismissing Carter's claims with prejudice.[15] The Fifth Circuit affirmed.[16] Carter filed *Carter II* on July 6, 2021.[17]

The complaint in *Carter II* sets forth two counts.[18] In Count I, she lists the following authorities in her subtitle for the count as if they constitute the basis for her claims: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1983; (3) "Monell Claim Section 1983"; (4) 42 U.S.C. § 1985; (5) 42 U.S.C. § 1986; (6) "14th Amendment Due Process and Equal Protection"; (7) "Section 1983 – Fourteenth Amendment Due Process Clause"; and (8) "Section 1983 – Fourteenth Amendment Equal Protection Clause."[19] In Count II, Carter lists the following authorities in her subtitle for the count, again as if they constitute the basis for her claims: (1) Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185; (2) 42 U.S.C. § 1983; (3) "Monell Claim Section 1983"; (4) 42 U.S.C. § 1985; (5) 42 U.S.C. § 1986; (6) "14th Amendment Due Process and Equal Protection"; (7) "Section 1983 – Fourteenth Amendment Due Process Clause"; and (8) "Section 1983 – Fourteenth Amendment Equal Protection Clause."[20] Additionally, in her description of the events giving rise to Count II, Carter notes that she also "asserts [(1)] violation of the Fourteenth Amendment to the United States Constitution (deprivation of property interest without due process of law); (2) violation of the CBA [that is, collective-bargaining agreement

---

[15] R. Doc. 22-1 at 5.
[16] *Carter v. St. Tammany Par. Sch. Bd.*, 2022 WL 485197, at *1 (5th Cir. Feb. 17, 2022).
[17] R. Doc. 1 at 1.
[18] *Id.* at 35, 39.
[19] *Id.* at 35.
[20] *Id.* at 39.

("CBA")]; (3) denial of equal protection under the law, and (4) intentional infliction of emotional distress,"[21] although she does not say against whom she asserts these claims.[22]

## II. PENDING MOTION

In their motion to dismiss, the School Board Defendants argue that the instant action is barred by res judicata, the statute of limitations, and Carter's failure to state a claim upon which relief can be granted.[23] Like *Carter II*, *Carter I* concerned the alleged discrimination Carter faced at Pitcher, including its denial of Carter's sick leave requests, say the School Board Defendants.[24] Therefore, they argue that because Carter "was afforded ample opportunity to prosecute her case [in *Carter I*] under the same facts and alleged causes of action asserted [in the instant action],"[25] her claims are precluded.[26] The School Board Defendants further argue that Carter's suit is barred by the statute of limitations, as Title VII claimants must file suit within 90 days of receipt of an EEOC right-to-sue letter, which, here, was issued on May 23, 2019, and the instant action (*Carter II*) was filed on July 6, 2021.[27] Finally, the School Board Defendants argue that Carter's complaint does not satisfy the requisite pleading standards because it fails to allege anything more than insufficient labels and conclusions, and, therefore, her claims must be dismissed.[28]

In a rambling and repetitive 37-page opposition, Carter provides a history of 42 U.S.C. §1981, argues that a four-year statute of limitations applies under 28 U.S.C. §1658, and argues that res judicata is inapposite because she is not raising identical claims against identical defendants.[29]

---

[21] *Id.* at 48.
[22] *See id.* (failing to identify a particular defendant or defendants against whom she brings these four claims).
[23] R. Doc. 22 at 1.
[24] *Compare* R. Doc. 22-4, *with* R. Doc.1; *see also* R. Doc. 22-1 at 4 (stating the School Board Defendants' argument that *Carter II* is duplicative of *Carter I*).
[25] R. Doc. 22 at 1.
[26] R. Doc. 22-1 at 10.
[27] *Id.* at 3, 9.
[28] *Id.* at 9-10.
[29] R. Doc. 29-1 at 14-18.

Carter asserts that the claims alleged in *Carter II* pertain to events that happened during her employment and after the termination of *Carter I*.[30] Carter charges the School Board with "withholding evidence," presumably after *Carter I* was filed, although no such allegation is made in her complaint, nor is any explanation given as to what evidence is being withheld, when it was withheld, or its relevance.[31] Carter redescribes (several times) the alleged discriminatory events she noted in her complaint and prays that all relief and associated costs be granted in her favor.[32]

### III.   LAW & ANALYSIS

#### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

---

[30] *Id.* at 20.
[31] *Id.*
[32] *Id.* at 35.

to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Thus, if the facts pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*.  The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679.  However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)).  Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any

6

documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

### B. Res judicata

"'Claim preclusion, or *res judicata*, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.'" *Hadley v. Bank of N.Y. Mellon*, 2021 WL 5513979, at *2 (5th Cir. Nov. 24, 2021) (quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999)). Four conditions must be met in order for res judicata to apply: "'(1) the parties to both actions are identical, or in privity; (2) a court of competent jurisdiction rendered the judgment in the first action; (3) the first action concluded with a final judgment on the merits; and (4) both suits involved the same claim or cause of action.'" *Id.* (quoting *Warren v. Mortg. Electronic Registration Sys., Inc.*, 616 F. App'x 735, 737 (5th Cir. 2015)). "'A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "'Even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.'" *Id.* (quoting *Landmark Land Co. v. Office of Thrift Supervision,* 990 F.2d 807, 811 (5th Cir. 1993)) (alteration and emphasis omitted). "Accordingly, 'a case pending appeal is res judicata and entitled to full faith and credit unless and

until reversed on appeal.'" *Id.* (quoting *Fid. Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.,* 510 F.2d 272, 273 (5th Cir. 1975)) (alteration omitted).[33]

Carter's claims against the School Board Defendants are res judicata, as all four conditions for its application are met. First, the parties to both actions are either identical or in privity. "Privity is merely another way of saying that there is sufficient identity between parties to prior and subsequent suits for res judicata to apply." *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990). The Fifth Circuit recognizes privity in three "narrowly-defined" situations where non-parties in a second suit are "sufficiently close" that they have privity with parties in the first lawsuit: "(1) where the non-party is a successor in interest to a party's interest in property; (2) where the non-party controlled the prior litigation; and (3) where the non-party's interests were adequately represented by a party to the original suit." *Clyce v. Farley*, 836 F. App'x 262, 269 (5th Cir. 2020) (quoting *Meza*, 908 F.2d at 1266). In *Carter I*, Carter brought suit against the School Board and Burns in her individual and official capacities.[34] In *Carter II*, she again brings suit against the School Board and Burns, but also against Folse, Jabbia, Cossé, Sanford, and Lemane (all in their individual and official capacities).[35] The School Board Defendants argue that the parties in *Carter I* are identical to the parties in *Carter II*.[36] Indeed, Carter, Burns, and the School Board are identical. The School Board Defendants, however, do not address the remaining movants not party to *Carter I*: Folse, named as the superintendent of the School Board; Jabbia,

---

[33] The Court notes that "[a]lthough *res judicata* generally cannot be raised in a motion to dismiss and should instead 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)). Here, the res judicata bar is apparent from the complaint and Carter made no challenge concerning any failure to plead res judicata as an affirmative defense.

[34] R. Doc. 22-4 at 1-2.

[35] *See* R. Doc. 1 at 7-12. Three other nonmoving parties unaffiliated with the School Board were also sued and have brought a separate motion to dismiss. R. Doc. 23.

[36] R. Doc. 22-1 at 7.

named as the associate superintendent of the School Board; Cossé, named as an assistant superintendent of the School Board; Sanford, named as an assistant superintendent of the School Board; and Lemane, named as an assistant superintendent of the School Board. But because Carter's claims against them concern actions taken as members of the School Board, the remaining movants are in privity with the defendants in *Carter I*. *See Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 177 (5th Cir. 2010) (holding that individual members of board of bar examiners were in privity with the board where alleged wrongdoing in second action concerned actions taken as board members); *see also Schuster v. Martin,* 861 F.2d 1369, 1373 (5th Cir.1988) ("It is also a general principle of the law of preclusion that state officials are, as a matter of law, in privity with the agency or department in which they serve."); *Slaughter v. Atkins*, 305 F. Supp. 3d 697, 709 (M.D. La. 2018) ("Board members sued in their individual capacities are in privity with the Board they serve."); *Felton v. Leake Cty. Sch. Dist.*, 2015 WL 5190652, at *9 (S.D. Miss. Sept. 7, 2015) (holding that superintendent was in privity with the school board where allegations against superintendent only concerned his conduct as superintendent); *Rushing v. Bd. of Supervisors of Univ. of La. Sys.*, 2008 WL 4200292, at *7 (M.D. La. Sept. 11, 2008) (holding that due process claims against individual board members were precluded in second lawsuit because the board members were in privity with the board sued in first lawsuit); *Moses v. Flanagan*, 727 F. Supp. 309, 312 (N.D. Miss. 1989) (holding that "[o]fficials of the school district are clearly in privity with the school district").

    Second, this Court was a court of competent jurisdiction in rendering the judgment in *Carter I*. Third, that action ended with a final judgment on the merits, as this Court granted summary judgment in favor of the defendants in *Carter I* and the Fifth Circuit affirmed this Court's decision. And fourth, both *Carter I* and *Carter II* involve the same claims or causes of action. The

9

Fifth Circuit applies a transactional test to determine whether the same claim or cause of action was involved in both suits. *Dotson v. Atl. Specialty Ins. Co.*, 2021 WL 1840423, at *4 (E.D. La. May 7, 2021) (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)), *aff'd*, 24 F.4th 999 (5th Cir. 2022). "'Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose.'" *Id.* (quoting *Test Masters*, 428 F.3d at 571). "What grouping of facts constitutes a 'transaction' or a 'series of transactions' must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Test Masters*, 428 F.3d at 571 (citing *Petro-Hunt*, 365 F.3d at 396)). "Under the transactional test 'the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts.'" *Dotson*, 2021 WL 1840423, at *4 (quoting *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994)). Here, *Carter I* and *Carter II* are based on the same nucleus of operative facts: the alleged discrimination Carter faced while employed at Pitcher. Carter attempts to differentiate the two actions, arguing that *Carter I* concerned claims under the Family Medical Leave Act and the Americans with Disabilities Act, whereas *Carter II* concerns claims for racial discrimination, retaliation, harassment, breach of contract, wrongful termination, "and other conduct by the Defendants during and after her employment."[37] But Carter fails to argue that the claims brought in *Carter II* were unavailable at the time of *Carter I*, *see Progressive Waste Sols. of LA, Inc. v. St. Bernard Par. Gov't*, 2016 WL 4191847, at *14 (E.D. La. Aug. 9, 2016) (applying transactional test to sort claims

---

[37] R. Doc. 29-1 at 20.

based on same nucleus of operative facts from those that were not), and the Court cannot conceive how they could not have been, with the possible exception of claims involving conduct on the part of the School Board Defendants occurring after Carter's employment. But Carter identifies no such claims as having been made in her complaint. Instead, the only new "claims" Carter references in her opposition that supposedly bar res judicata – namely, a "taking [claim that] was never raised in the 2002 Complaint" and a claim for "the withholding of evidence by the Defendants" – are not alleged in the complaint in the instant action (*Carter II*), are not fleshed out in the opposition, and thus amount to naked and conclusory assertions having no factual or contextual support whatsoever.[38] Suffice it to say that any such new "claims," referenced for the first time in an opposition and devoid of factual allegations or other support, cannot undermine the application of res judicata. Because all claims in the instant suit stem from the same transaction or occurrence, or series of connected transactions, out of which *Carter I* arose, res judicata applies. Therefore, all of Carter's claims against the School Board Defendants are precluded and must be dismissed with prejudice.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the School Board Defendants' motion to dismiss (R. Doc. 22) is GRANTED.

IT IS FURTHER ORDERED that Carter's claims against the School Board Defendants are DISMISSED WITH PREJUDICE.

---

[38] *Id.* A "2002 Complaint" is never referenced or defined at any other place in Carter's opposition, much less her complaint. Nor is the "taking claim" or the claim for withholding evidence. Thus, the complaint does not include the kind of factual allegations necessary to establish the elements of any of these claims. In two instances in her opposition, Carter does make the charge that "[a]fter Carter's termination, her family and children were targets of retaliation, harassment, and bullying," which included her children being "refused out of district waivers to continue their education in St. Tammany Parish." *Id.* at 27, 34. However, this charge is neither mentioned in her complaint nor supported by anything more than these unspecific and conclusory assertions.

New Orleans, Louisiana, this 24th day of February, 2022.

                                                                                      _____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE