UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIN CARTER                                           CIVIL ACTION

VERSUS                                                NO. 21-1303

ST. TAMMANY PARISH SCHOOL                             SECTION M (1)
BOARD, *et al.*

## ORDER & REASONS

Before the Court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by defendants St. Tammany Federation of Teachers and School Employees, Deborah Green, and Patricia Craddock (collectively, the "Union").[1] Plaintiff Erin Carter responds in opposition.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the Union's motion because Carter's claims are either time-barred or fail to satisfy the requisite pleading standards set forth in Rule 8, *Twombly*, and *Iqbal*.

I.   BACKGROUND

This case concerns the alleged discrimination Carter is said to have faced at Pitcher Junior High ("Pitcher") during her tenure there from 2015-2017, including, but not limited to, Pitcher's denial of her requests for extended sick leave.[3] During her time there, she worked pursuant to a collective bargaining agreement ("CBA") negotiated by the Union.[4] Carter alleges that on April 24, 2017, she became extremely ill due to debilitating migraines and, therefore, was unable to

---

[1] R. Doc. 23.
[2] R. Doc. 29.
[3] R. Doc. 29-1 at 7.  Extended sick leave is paid leave under Louisiana law.  La. R.S. 17:1202.
[4] R. Doc. 1 at 40.

continue working.[5] She requested extended sick leave through the end of the school year, which the associate superintendent of the St. Tammany Parish School Board (the "School Board") denied.[6] Carter was, however, eligible for unpaid medical leave and was instructed to complete and return an application for such leave if she were unable to return to school.[7] Carter did not complete the application, nor did she return to school for the rest of the year.[8]

On June 13, 2017, Pitcher's principal conducted an administrative hearing concerning Carter's unauthorized leave of absence; her "mishandling" of a non-sanctioned school fundraiser; and her failure to comply with the school's gradebook standards.[9] Carter did not show up for the hearing.[10] As a result, the principal recommended to the School Board's superintendent that Carter be terminated and that a second administrative hearing be conducted to investigate and review Carter's status as an employee of the School Board.[11] Carter alleges that the Union violated her CBA because she "should have had a conference with the Administration prior to the next step [*i.e.*, the second hearing]."[12] At the second administrative hearing, which occurred on June 26, 2017, the School Board's assistant superintendent recommended that Carter be terminated due to her "willful neglect of duty through unauthorized leave and poor performance."[13] The School Board accepted the recommendation and terminated Carter on July 5, 2017.[14] Carter alleges that the Union "breached its duty of fair representation" because it did not provide Carter with any

---

[5] R. Doc. 29-1 at 8.
[6] *Id.*
[7] R. Doc. 22-1 at 2.
[8] *Id.*
[9] *Id.* at 3.
[10] *Id.*
[11] *Id.*
[12] R. Doc. 1 at 47.
[13] R. Doc. 22-1 at 3.
[14] *Id.*

post-termination advice or grievance documents and its representation at the two hearings "was a sham."[15]

Carter's complaint sets forth two counts.[16] In Count I, she lists the following authorities in her subtitle for the count, as if they constitute the basis for her claims: (1) 42 U.S.C. § 1981; (2) 42 U.S.C. § 1983; (3) "Monell Claim Section 1983"; (4) 42 U.S.C. § 1985; (5) 42 U.S.C. § 1986; (6) "14th Amendment Due Process and Equal Protection"; (7) "Section 1983 – Fourteenth Amendment Due Process Clause"; and (8) "Section 1983 – Fourteenth Amendment Equal Protection Clause."[17] Although generally lacking adequate factual allegations for certain of the required elements of these claims, Carter's complaint purports to state the claims against the Union.[18] In Count II, Carter lists the following authorities in her subtitle for the count, again as if they constitute the basis for her claims: (1) Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185; (2) 42 U.S.C. § 1983; (3) "Monell Claim Section 1983"; (4) 42 U.S.C. § 1985; (5) 42 U.S.C. § 1986; (6) "14th Amendment Due Process and Equal Protection"; (7) "Section 1983 – Fourteenth Amendment Due Process Clause"; and (8) "Section 1983 – Fourteenth Amendment Equal Protection Clause."[19] And again, although generally lacking adequate factual allegations for certain of the required elements of these claims, Carter's complaint purports to state the claims against the Union.[20] Additionally, in her description of the events giving rise to Count II, Carter notes that she also "asserts [(1)] violation of the Fourteenth Amendment to the United States Constitution (deprivation of property interest without due process

---

[15] R. Doc. 1 at 49.
[16] *Id.* at 35, 39.
[17] *Id.* at 35.
[18] *See id.* at 36 ("Plaintiff[] was discriminated against, harassed, retaliated against and finally terminated due to her race by Defendant[s] ... St. Tammany Federation of Teachers and School Employees, ... Deborah Green, [and] Patricia Craddock.").
[19] *Id.* at 39.
[20] *See id.*

3

of law); (2) violation of the CBA; (3) denial of equal protection under the law, and (4) intentional infliction of emotional distress,"[21] although she does not say against whom she asserts these claims.[22]

## II. PENDING MOTION

In its motion to dismiss, the Union requests "that this Court dismiss all claims asserted in ... Carter's Complaint, with prejudice."[23] Specifically, the Union argues that (1) Carter's federal claims are time-barred under the applicable statutes of limitation and prescriptive periods; and (2) Carter's state-law claims are preempted by § 301 of the LMRA.[24] Carter's other claims, the Union notes, "clearly are allegations against the Plaintiff's former employer, the St. Tammany Parish School Board" (the "School Board") but, in an abundance of caution, adopts the School Board's arguments and joins in its motion to dismiss, wherein the School Board argues that Carter's claims are barred by res judicata, Title VII's statute of limitations, and Carter's failure to satisfy the *Twombly* standard.[25]

In a rambling and repetitive 37-page opposition, Carter provides a history of 42 U.S.C. §1981, argues that a four-year statute of limitations applies under 28 U.S.C. §1658, and argues that res judicata is inapposite because she is not raising identical claims against identical defendants.[26] Carter redescribes (several times) the alleged discriminatory events she noted in her complaint and prays that all relief and associated costs will be granted in her favor.[27]

---

[21] *Id.* at 48.
[22] *See id.* (failing to identify a particular defendant or defendants against whom she brings these four claims).
[23] R. Doc. 23 at 1.
[24] *Id.*
[25] R. Docs. 23 at 1 n.1; 22-1 at 5-10.
[26] R. Doc. 29-1 at 14-18.
[27] *Id.* at 35.

### III. LAW & ANALYSIS

#### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must "'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (alteration omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts

pleaded in the complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "'[The] task, then, is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.'" *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385 (5th Cir. 2017) (quoting *Doe ex rel. Magee v. Covington Cty. Sch. Dist.*, 675 F.3d 849, 854 (5th Cir. 2012)). Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

**B. Carter's Claims are Time-Barred**

First, the Union argues that Carter's claim for breaches of the CBA allegedly occurring during her employment, arising under § 301 of the LMRA, is time-barred.[28] The Court agrees.

---

[28] R. Doc. 23-1 at 3.

An employee is limited to a six-month period in which she may file suit against an employer and a union under § 301 of the LMRA. *Gray v. Amalgamated Meat Cutters Loc. 540*, 736 F.2d 1055, 1055 (5th Cir. 1984) (citing *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151 (1983)). Therefore, the employee must sue for breach of a collective-bargaining agreement within six months of the accrual of her cause of action. *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 480 (5th Cir. 1991) (citing *DelCostello*, 462 U.S. at 172). This statute of limitations begins to run when the employee either knew or should have known of the injury itself rather than its manifestations. *Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989). Here, Carter's six-month period lapsed. She was terminated (her claimed principal injury) on July 5, 2017, but she did not file the instant action until July 6, 2021.[29] Accordingly, her § 301 claim is untimely and, as a result, barred.

Second, the Union argues that Carter's state-law claim for breach of contract is preempted by § 301 of the LMRA.[30] To the extent Carter asserts any such claim against the Union, the Court finds that it is "preempted by section 301 of the LMRA which expressly 'provides the requisite jurisdiction and remedies for individual employees covered under a collective-bargaining agreement between that individual's employer and the union.'" *Horn v. Transdev Servs., Inc.*, 2021 WL 4312694, at *3 (E.D. La. July 29, 2021) (quoting *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994)), *adopted*, 2021 WL 4311050 (E.D. La. Sept. 22, 2021). Section 301 of the LMRA provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

---

[29] R. Doc. 1 at 1, 35.
[30] R. Doc. 23-1 at 4.

29 U.S.C. § 185(a).  "The preemptive effect of this section applies to causes of action arising out of contract and tort, and 'preemption occurs when a decision on the state claim is inextricably intertwined with consideration of the terms of the labor contract or when the application of state law to a dispute requires interpretation of the collective-bargaining agreement.'"  *Horn*, 2021 WL 4312694, at *3 (quoting *Thomas*, 39 F.3d at 616-17) (alteration omitted).  "Those claims that only tangentially involve provisions of collective-bargaining agreements, however, are not preempted by section 301."  *Id.* (quoting *Thomas*, 39 F.3d at 617).  Here, as the Union describes, Carter has "cut and pasted several pages of the CBA into the Complaint as part of the pleading alleging that the Union breached the contract to which she was a beneficiary,"[31] and asserts that the Union "breached its duty of fair representation."[32]  Because the Court would have to interpret the terms of the CBA and determine whether the Union's alleged violation of fair representation falls within the scope of the agreement, her breach-of-contract claim is "inextricably intertwined" with the CBA.  *See id*.  Therefore, Carter's breach-of-contract claim is preempted by § 301 of the LMRA because it "requires this Court to decide what actions fall within the terms of the collective bargaining agreement."  *Id.* at *3, *8.  As such, the claim must be dismissed with prejudice.

### C. Carter's Remaining Claims Fail to Satisfy Rule 8, *Twombly*, and *Iqbal*

The Union maintains that Carter's other claims are alleged solely against the School Board and, consequently, confines its argument in its motion to only the two LMRA claims within Count II.[33]  So, the bulk of the claims Carter may be attempting to assert against the Union remain unaddressed in its motion.  The Union chose to deal with these claims, assuming they are directed

---

[31] *Id.*
[32] R. Doc. 1 at 49.
[33] *Compare* R. Doc. 23 at 1 n.1, *with* R. Doc. 1 at 35-53 (discussing the Union's alleged violations of Carter's "other claims").

against it, by simply adopting the School Board's motion to dismiss.[34] In its motion, the School Board argues, *inter alia*, that Carter's complaint "fail[s] to state a claim giving rise to any cause of action against [it], based on State or Federal law" because the complaint fails to satisfy the standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[35] "Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading." *Alamo Forensic Servs., L.L.C. v. Bexar Cty.*, 861 F. App'x 564, 567 (5th Cir. 2021). It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). "Although a complaint need not contain detailed factual allegations, 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to an assumption of truth." *Martin Res. Mgmt. Corp. v. Fed. Ins. Co.*, 2021 WL 4269565, at *2 (5th Cir. Sept. 20, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration omitted). "Factual allegations must be enough to raise a right to relief above the speculative level ...." *Twombly*, 550 U.S. at 555. Accordingly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" such that its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Carter's complaint does not contain sufficient factual allegations to comport with the requisite pleading standard. In each count, she lists a handful of claims, followed by a list of all

---

[34] R. Doc. 23 at 1 n.1.
[35] R. Doc. 22-1 at 9.

defendants in the action, and, thereafter, lists "actions" and "inactions" that amount to nothing more than conclusory statements.[36] In these threadbare and conclusory recitals, Carter fails to make plain (1) which claims are asserted against which defendants; and (2) whether any facts exist that relate to the essential elements of each claim. For example, apart from her claimed breaches of the CBA, Carter cites no conduct on the part of the Union that entails an adverse employment action, an essential element of a § 1981 claim. *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004) (discussing the essential elements of a 42 U.S.C. § 1981 claim, which include that a plaintiff must suffer an adverse employment action). Carter's complaint, characterized by the Union as "a rambling narrative,"[37] provides no supporting factual allegations to elevate these claims from anything more than conclusory assertions.[38] Further, absent identification of specific claims asserted against specific defendants, the complaint fails to give fair notice to the Union of its alleged wrongs. Consequently, Carter's unspecific complaint, replete with conclusory statements and conjecture, fails to satisfy the pleading requirements set forth in Rule 8, *Twombly*, and *Iqbal*. Although *pro se* complaints are to be construed liberally, they must still conform to established pleading standards. Thus, the remaining claims asserted against the Union are dismissed with prejudice.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Union's motion to dismiss (R. Doc. 23) is GRANTED.

---

[36] *See, e.g.*, R. Doc. 1 at 35-39.
[37] R. Doc. 23-1 at 2.
[38] *See* R. Doc. 1 at 35-53.

IT IS FURTHER ORDERED that all of Carter's claims against the St. Tammany Federation of Teachers and School Employees, Deborah Green, and Patricia Craddock are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 24th day of February, 2022.

                                                     BARRY W. ASHE
                                                   UNITED STATES DISTRICT JUDGE